UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID PRINGLE,

    Plaintiff,

v.                                                           Case No: 6:24-cv-835-JSS-DCI

SEMINOLE COUNTY PUBLIC
SCHOOLS,

    Defendant.
_____/

## ORDER

Plaintiff, proceeding pro se, filed a two-page document labeled "Emergency Motion for Temporary Injunction." (Dkt. 27 at 1–2.) In the short motion, Plaintiff "ask[s] the court to enforce [a] policy outlined in [Defendant's] handbook" that allows teachers like Plaintiff to take a personal day without having to provide a reason. (*Id.* at 2.) Apparently, Plaintiff took a personal day on September 20, 2024, to meet a deadline in this case. (*Id.*) Plaintiff complains that the day before, his principal "questioned [his] reason for needing a personal day" and then called him during his personal day, presumably to do the same. (*Id.*) Plaintiff states that he "made opposing [c]ounsel aware" of the foregoing, (*id.*), as evidenced by the two pages submitted with the motion, (*id.* at 3–4).

Given Plaintiff's pro se status, the court construes his motion liberally; however, he must still comply with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Plaintiff does not support his position with any legal authority. (*See*

Dkt. 27.) That, alone, is reason to deny his motion. *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (holding that a party forfeited his position when he "cite[d] no legal authority to support it"). In addition, Plaintiff does not satisfy his burden as the moving party. *See Gissendaner v. Ga. Dep't of Corr.*, 779 F.3d 1275, 1280 (11th Cir. 2015) (explaining what the moving party must establish to obtain a temporary restraining order); *L.E. ex rel. Cavorley v. Superintendent of Cobb Cnty. Sch. Dist.*, 55 F.4th 1296, 1299–1300 ("To obtain a preliminary injunction, . . . the moving party must satisfy the burden of persuasion as to all four elements.").

To obtain a temporary restraining order, Plaintiff "must establish" four elements: (1) "the likelihood that [he] ultimately will prevail on the merits of [his] claim," (2) "the irreparable nature of the threatened injury and the reason that notice is impractical," (3) "the harm that might result absent a restraining order," and (4) "the nature and extent of any public interest affected." M.D. Fla. Loc. R. 6.01(b). To obtain a preliminary injunction, he must do largely the same. *See L.E.*, 55 F.4th at 1299 ("To obtain a preliminary injunction, [the] movant must show (1) a substantial likelihood that [he] will ultimately prevail on the merits of the underlying case[,] (2) that [he] will suffer irreparable injury unless the injunction issues[,] (3) that the threatened injury to [him] outweighs whatever damage the proposed injunction may cause the opposing party[,] and (4) that if issued, the injunction would not be adverse to the public interest."). Plaintiff has not established these elements. (*See* Dkt. 27.)

Further, "[a] motion for a temporary restraining order must include," among other things, "specific facts—supported by a verified complaint, an affidavit, or other

evidence—demonstrating an entitlement to relief," "a precise description of the conduct and the persons subject to restraint," and "a precise and verified explanation of the amount and form of the required security." M.D. Fla. Loc. R. 6.01(a)(2)–(4); *accord* Fed. R. Civ. P. 65. Plaintiff's motion falls short of meeting these requirements, as well. (*See* Dkt. 27.) For example, it does not even mention security. (*See id.*) *See* Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.").

Accordingly, Plaintiff's Emergency Motion for Temporary Injunction (Dkt. 27) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 23, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties